# .   TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00090-CR

**Sebastian Rangel, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 004533, HONORABLE JON N. WISSER, JUDGE PRESIDING

Following a bench trial, the district court found appellant Sebastian Rangel guilty of aggravated assault. *See* Tex. Pen. Code Ann. § 22.02(a)(2) (West 1994). The court assessed punishment, enhanced by previous felony convictions, at imprisonment for twenty-five years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a pro se brief.

Appellant's first pro se complaint is that he was denied access to the complete appellate record. When an appointed attorney files a frivolous appeal brief, the appellant is entitled

to examine the appellate record upon request. *Caraway v. State*, 560 S.W.2d 690, 691 (Tex. Crim. App. 1978); *Jackson*, 485 S.W.2d at 553; *Gainous*, 436 S.W.2d at 138. In this case, the district clerk disregarded requests from both appellant and this Court that appellant be furnished a copy of the record. A copy of the record was finally delivered to appellant in response to a written order by this Court. Appellant complains that he was not provided a copy of the clerk's record, but the district clerk has assured this Court in writing that the complete record was made available to appellant.

Appellant's second contention is that the indictment was not read at his arraignment. The reporter's record reflects, however, that appellant waived the reading of the indictment and entered a plea of not guilty.

Finally, appellant complains that the district court did not comply with article 42.01 in finding him guilty. Tex. Code Crim. Proc. Ann. art. 42.01 (West Supp. 2001). Appellant's argument confuses the court's oral announcement of its verdict with the court's written judgment, which is the subject of the statute cited. The judgment complies with article 42.01.

We have reviewed the record, counsel's brief, and appellant's pro se brief. We agree that the appeal is frivolous and without merit. The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: October 4, 2001

Do Not Publish

2